IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE DAYTON POWER AND LIGHT COMPANY, ) ) ) **Plaintiff,** ) ) ) vs. ) ) TRISTATE BUILDING AND ) CONSTRUCTION TRADES ) COUNCIL and STEPHEN L. ) BURTON, ) ) **Defendants.** ) | Civil Action No. 1:04cv172 Judge Spiegel Magistrate Judge Perelman |

## COMPLAINT

**COMES NOW** the Plaintiff, The Dayton Power and Light Company ("DP&L"), and complaining of the Defendants, alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff DP&L is a corporation duly organized and existing under the laws of the State of Ohio, with its principal place of business located in Dayton, Ohio.

2. Plaintiff is engaged in "commerce" and in an industry affecting "commerce" as that term is defined in Section 2(6) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152.

3. Defendant Tristate Building and Construction Trades Council ("Tristate") is an unincorporated labor union operating out of Ashland, Kentucky.

4. Defendant Tristate is a "labor organization" representing employees in an industry "affecting commerce" as defined in Sections 2(5) and 2(7) of the NLRA, 29 U.S.C. §§ 152(5)

and (7). It has transacted business and committed tortious acts within the State of Ohio and is therefore subject to the jurisdiction of this Court.

5. On information and belief, Defendant Stephen L. Burton is a citizen and resident of Ashland, Kentucky. He has transacted business and committed tortious acts within the State of Ohio and is therefore subject to the jurisdiction of this Court.

6. This Court has jurisdiction over the subject matter of this action pursuant to Section 303 of the NLRA, 29 U.S.C. § 187, and 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367, because the claims are so related to the claims under Section 303 as to form a part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the events giving rise to the claims asserted herein occurred in this judicial district.

## FACTUAL ALLEGATIONS

9. Plaintiff DP&L is a public utility, as defined in Section 4905.02 and 4905.03 of the Revised Code of Ohio, engaged in the business of supplying electricity to consumers in all or parts of twenty-four (24) counties in the State of Ohio.

10. Plaintiff has facilities in Adams County in order to enable it to furnish the necessary and proper service to its consumers.

11. Plaintiff's utility services and the facilities connected thereto are essential public services which vitally affect the health, safety and welfare of its entire service area. These facilities are for public and private use, for industrial, agricultural and domestic purposes, for hospitals, for municipalities for street lighting, fire alarm systems and operations of waterworks,

and for all other uses to which such utility service may be put and are furnished throughout its service area in the State of Ohio.

12.  On information and belief, Defendant Stephen L. Burton is an elected officer of Tristate.

13.  Periodically, Plaintiff engages in scheduled power outages at its J.M Stuart Station facility in order to perform necessary upkeep and maintenance at the facility.

14.  During these outages, Plaintiff hires outside contractors to perform specialized maintenance at the plant.

15.  For the outage of Spring 2004, beginning February 5, 2004, Plaintiff entered into contracts with several contractors, including those that do not employ members of Tristate.

16.  On or about February 23, 2004, as a result of Plaintiff's contract with a non-union contractor, PMSI, officers, members or agents of Tristate engaged in various activities designed to coerce DP&L to cease doing business with PMSI.

17.  Some of the activities include:

    (a) congregating in front of the entrance of or exit from Plaintiff's facilities and engaging in mass picketing so as to interfere with or attempt to interfere with full ingress to or egress from Plaintiff's facilities in Adams County, Ohio;

    (b) blocking or otherwise obstructing the entranceways, traffic lanes or traffic at Plaintiff's premises in Adams County, Ohio;

    (c) blocking or otherwise interfering with, delaying or obstructing the employees and the operation of DP&L vehicles on the streets or roads of Adams County, Ohio through forms or harassment, threats and intimidation;

    (d) engaging in acts of vandalism or property damage against DP&L employees

or other persons attempting to enter or leave the premises at Plaintiff's facilities in Adams County, Ohio;

(e) trespassing on Plaintiff's premises in Adams County, Ohio;

(f) threatening employees of various contractors doing work for DP&L in order to put pressure on DP&L to cease doing business with PMSI.

18. The actions described in Paragraph 17 (a) through (f) were committed by persons who are officers, agents or members of Tristate.

19. The actions described in Paragraph 17 (a) through (f) were committed, directed or later ratified after actual knowledge thereof by Tristate's officer Stephen L. Burton.

20. On February 24, 2004, Plaintiff sought and obtained a Temporary Restraining Order, issued by the Adams County, Ohio, Court of Common Pleas, requiring Tristate to immediately cease and desist some of the activities described in Paragraph 17. The Order specifically limited Tristate to no more than three pickets on public property near each gate at Plaintiff's J.M. Stuart Station facility.

21. Despite this Order, officers, agents or members of Tristate, under the direction of Stephen L. Burton:

(a) continued to picket in groups larger than three;

(b) congregated in groups of 25 to 30 on property adjacent to Plaintiff's J.M. Stuart Station facility for the purpose of intimidating persons attempting to enter or leave the facility;

(c) accosted union and/or non-union employees of DP&L and its contractors in an attempt to coerce these employees not to report to work;

      (d) accosted union and/or non-union contract employees offsite, including at their hotels, in an attempt to coerce these employees not to report to work;

      (e) attacked union and/or non-union contract employees with baseball bats in an attempt to coerce these contractors not to report to work;

      (f) engaged in various other actions designed to illegally pressure DP&L from doing business with PMSI and its other contractors.

22.    The object of Tristate's action was to force Plaintiff to cease doing business with its non-union contractor, PMSI, to disrupt and interfere with DP&L's contractual relations with its other contractors, and to cause DP&L's union contractors to abandon their work for DP&L.

23.    The actions described in Paragraph 21 (a) through (f) were committed by persons who are officers, agents or members of Tristate.

24.    The actions described in Paragraph 21 (a) through (f) were committed, directed or later ratified after actual knowledge thereof by Tristate's officer Stephen L. Burton.

25.    As a direct result of the acts and conduct of Tristate and Stephen L. Burton, described in Paragraphs 17 (a) through (f) and 21 (a) through (f), many contract employees have been threatened, coerced or induced not to report to work, and may prevent Plaintiff from completing its scheduled maintenance within the originally scheduled period. The acts and conduct of Tristate and Stephen L. Burton, described in Paragraphs 17 (a) through (f) and 21(a) through (f) have directly caused Plaintiff to incur substantial damages.

26.    The acts and conduct of Tristate and Stephen L. Burton have resulted and will result in increased expenses and a prolonging of the scheduled outage. Based on historical data, the cost to Plaintiff associated with each day of the scheduled outage is four hundred and fifty one thousand and eighty dollars ($451,080.00).

## COUNT I – UNFAIR LABOR PRACTICES

27. The allegations contained in Paragraphs 1 through 26 above are incorporated herein by reference, as if fully restated and set forth herein.

28. The National Labor Relations Act provides that "[I]t shall be an unfair labor practice for a labor organization . . . to threaten, coerce or restrain any person engaged in commerce or in an industry affecting commerce, *where in either case an object thereof is . . . (B) forcing or requiring any person to . . . cease doing business with any other person . . . ."* Section 8(b)(4)(B), 29 U.S.C. § 158.

29. The illegal object of the actions and conduct of Tristate and its officers, agents and members, as described above in Paragraphs 17-22, and including threats toward and intimidation of DP&L contract employees and vandalism of DP&L property and that of DP&L employees, is to force Plaintiff to cease doing business with its non-union contractor, PMSI, to disrupt and interfere with DP&L's contractual relations with its other contractors, and to cause DP&L's union contractors to abandon their work for DP&L.

30. Tristate's actions described in the preceding paragraph constitute an unfair labor practice in violation of Section 8(b)(4)(B) of the NLRA, 29 U.S.C. § 158 and, as such, Plaintiff is entitled to damages under Section 303 of the NLRA, 29 U.S.C. § 187.

## COUNT II – TORTIOUS INTERFERENCE WITH CONTRACT

31. The allegations contained in Paragraphs 1 through 30 above are incorporated herein by reference, as if fully restated and set forth herein.

32. In conjunction with the scheduled shutdown, Plaintiff entered into valid contracts with PMSI and various other contractors wherein PMSI agreed to perform certain maintenance services at the J.M. Stuart Station facility.

33. Defendant Burton had knowledge that DP&L had contracted with PMSI and other contractors.

34. By directing the actions of agents and members of Tristate, as described above in Paragraphs 17 (a) through (f) and 21 (a) through (f), Defendant Burton intentionally sought to force Plaintiff to cease doing business with PMSI, and intentionally sought to prevent PMSI and other contractors from performing their contracts with DP&L.

35. Defendant Burton's actions and conduct were without justification and constitute tortious interference with the contractual relationship that exists between Plaintiff, PMSI, and other contractors.

36. Defendant Burton's actions and conduct have caused Plaintiff to incur substantial damages.

## **DAMAGES**

37. As a direct consequence of Defendants' illegal acts, Plaintiff has suffered and will continue to suffer substantial damages, including but not limited to the following:

    (a) loss of productivity and profits due to the prolonging of the outage;

    (b) property loss resulting from vandalism;

    (c) other substantial damages which are increasing daily.

**WHEREFORE,** as a direct consequence of Defendants' conduct as described in the allegations of this Complaint, Plaintiff respectfully prays as follows:

(a) For a trial jury on the merits;

(b) That Plaintiff recover judgment against Defendant Tristate as provided by Section 303 of the NLRA, 29 U.S.C. § 187, the damages for which are in excess of $451,080.00 per day the scheduled outage is prolonged, and other economic damages to be proved as trial;

(c) That Plaintiff recover judgment against Defendant Stephen L. Burton, the damages for which are in excess of $451,080.00 per day the scheduled outage is prolonged, and other economic damages to be proved as trial;

(d) That Plaintiff further recover judgment against Defendants for punitive damages;

(e) That Plaintiff recover costs incurred in this action and attorney's fees; and

(e) That the Court grant such other relief as is just and proper.

Respectfully submitted, this the 27th day of February, 2004.

*[signature]*
Scott R. Thomas (0061040)
Jeanette N. Dannenfelser (0069614)
FURNIER & THOMAS, LLP
One Financial Way, Suite 312
Cincinnati, Ohio 45242
(513) 745-0400

Randall D. Avram
KILPATRICK STOCKTON LLP
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina, 27612

(application for admission *pro hac vice* forthcoming)


Trial Attorneys for Plaintiff,
The Dayton Power and Light Company

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was sent via ordinary U.S. mail to Defendant Tristate Building and Construction Trades Council and to Defendant Stephen L. Burton, at the following address: 2141 Carter Ave., P.O. Box 1027 Ashland, Kentucky, 41105 this 27th day of February, 2004.

*[signature]*