UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE DAYTON POWER AND LIGHT COMPANY, | Case No. 1:04-cv-172 |
| Plaintiff, | Magistrate Judge Timothy S. Black |
| vs. | |
| TRISTATE BUILDING AND CONSTRUCTION TRADES COUNCIL, *et al.,* | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO Local Lodge 105's motion to dismiss Count VI of Plaintiff's first amended complaint and to strike Plaintiff's demand for punitive damages. (Doc. 50.) Plaintiff has filed a response in opposition to the motion. (Doc. 51.) The parties have consented to disposition by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 55.)

**I.**

Plaintiff's complaint asserts that Boilermakers Local 105 established a picket line at Plaintiff's power generating facility in Adams County, Ohio. Plaintiff asserts that numerous employees of sub-contractors working at the facility refused to cross the picket line, and that the object of the picket line was to force Plaintiff to cease doing business with its non-union subcontractors, PMSI and/or Fee Corp. The complaint maintains that

the picketing violated the "secondary boycott" provisions of the National Labor Relations Act (the "NLRA"). Plaintiff's complaint also includes a pendent state law claim for tortious interference with contract. Additionally, the complaint requests punitive damages.

## II.

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the factual allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Denial of the motion is required "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir. 1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); s*ee also Broyde v. Gotham Tower, Inc.*, 13 F.3d 994, 996 (6th Cir. 1994).

## III.

Boilermakers Local 105 asserts that Plaintiff's state law claim is preempted by federal labor law, and, therefore, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b). Boilermakers Local 105 further asserts that Plaintiff's claim for punitive damages should be stricken because punitive damages are not available under 29 U.S.C. § 187, *i.e.*, section 303 of the NLRA. For the reasons that follow, the Court finds that the motion is not well-taken.

**A.**

When an activity is prohibited by section 8 of the NLRA, such activity is not subject to state regulation in the absence of conduct marked by violence. *Teamsters v. Morton*, 377 U.S. 252 (1964). However, the states may grant compensation for the consequences of conduct marked by violence and imminent threats of public order, as defined by the traditional law of torts. *San Diego Bldg. Trades Council Millman's Union, Local 2020 v. Garmon*, 359 U.S. 236, 247 (1959). Thus, there is no preemption of state law claims arising from allegations of violence, threats of violence, or vandalism. *Brawn v. Coleman,* 167 F.Supp.2d 145, 154 (D.Mass. 2001) (citing *United Automobile Workers v. Russell,* 356 U.S. 634, 645-56 (1958); *Cranshaw Const. of New England, L.P. v. International Ass'n of Bridge, Structural and Ornamental Ironworkers, AFL-CIO, Local No. 7,* 891 F.Supp. 666, 675 (D. Mass. 1995)).

Accordingly, Plaintiff maintains that in order to defeat Boilermakers Local 105's motion, Plaintiff need only demonstrate that it has alleged conduct that the state of Ohio has a compelling interest in preventing; that is, the alleged conduct arguably threatens "the maintenance of domestic peace." *See Local 20 Teamsters, Chauffeurs & Helpers Union v. Morton*, 377 U.S. 252, 257-260 (1964) (states retain jurisdiction over tort claims where conduct extends beyond mere "peaceful persuasion").

Here, Plaintiff's amended complaint alleges that Boilermakers Local 105 coerced and/or threatened union workers and contractors in order to interfere with Plaintiff's free commerce. (*See* Doc. ¶ 48). Taking these allegations as true, Plaintiff has sufficiently

alleged threats of violence in order to maintain a cause of action for tortious interference under Ohio law at this stage in the litigation.

**B.**

Boilermakers Local 105 further argues that Plaintiff's demand for punitive damages should be stricken because potential damages under 29 U.S.C § 187 are limited to actual, compensatory damages, and punitive damages are not available. However, punitive damages are available under the NLRA when the claims involve threats of violence. *Price v. United Mine Workers*, 336 F.2d 771, 776-77 (6th Cir. 1964). As noted above, Plaintiff's complaint has provided sufficient allegations that Boilermakers Local 105's actions involved threats of violence. Accordingly, at this state in the litigation, Plaintiff's claim for punitive damages shall not be dismissed.

For the foregoing reasons, Defendant Boilermakers Local 105's motion to dismiss and motion to strike (doc. 50) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date: October 18, 2005          s/ Timothy S. Black
                                Timothy S. Black
                                United States Magistrate Judge